**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**MAE DEAN ANDERSON**                                                                                         **PLAINTIFF**

**v.**                                                     **5:06CV00225-WRW**

**WAL-MART STORES, INC.**                                                                              **DEFENDANT**

## ORDER

Plaintiff alleges that she was subjected to unlawful discrimination on the basis of race in employment conditions and eventually terminated in violation of Title VII of the Civil Rights Act of 1964 as amended and the Arkansas Civil Rights Act ("ACRA").[1] Pending is Defendant's Motion to Dismiss (Doc. No. 8). For the reasons stated below, the Motion to Dismiss is GRANTED in part and DENIED in part.

In order to bring a Title VII claim, an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue.[2] Once an individual receives notice of the right to sue, she has 90 days in which to file suit.[3]

Plaintiff received a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission on May 21, 2004.[4] Plaintiff filed a Complaint on August 18, 2004, alleging Title VII

---

[1] Ark. Code Ann. § 16-123-101 (Supp. 2001).

[2] *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

[3] *Williams v. Thompson Corp.*, 383 F.3d 789, 790 (8th Cir. 2004); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994); 42 U.S.C. § 2000e-5(f)(1).

[4] Doc. No. 8-2, Ex. B.

and ACRA violations.[5] By motion of Plaintiff, the Complaint was dismissed without prejudice on August 30, 2005.[6] On August 29, 2006, Plaintiff has filed a second Complaint asserting the same Title VII and ACRA allegations.[7]

Plaintiff had ninety days to file suit after receiving her right to sue. "If a plaintiff in possession of a right-to-sue letter files suit within this period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of Title VII."[8] Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable.[9] Therefore, even though Plaintiff's original Complaint was dismissed without prejudice, she had to re-file the action within the ninety day period.[10] Accordingly, Plaintiff's Title VII claim must be dismissed.

Plaintiff's ACRA claim remains; however, Defendant moves that the state law claim be dismissed for lack of diversity jurisdiction. A federal district court has discretion to decline jurisdiction if it has "dismissed all claims over which it has original jurisdiction."[11] "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and

---

[5] Doc. No. 8-2, Ex. A.

[6] Doc. No. 8-4, Ex. C.

[7] Doc. No. 1.

[8] *Clark v. Nissan Motor Mfg. Corp. U.S.A.*, 1998 WL 786892 (6th Cir. 1998); *See Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 27 (6th Cir.1987).

[9] *Garrsion v. International Paper Co.*, 714 F.2d 757, 759, n. 2 (8th Cri. 1983) (*citing Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)).

[10] *See e.g. Luney v. SGS Automotive Services, Inc.*, 432 F.3d 866 (8th Cir. 2005).

[11] 28 U.S.C. § 1367(c)(3).

comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."[12] Were I to decline jurisdiction of the state law claim, it would represent the second dismissal of the ACRA claim. Under Arkansas law, a second dismissal is with prejudice.[13] Therefore, I will exercise my discretion to maintain jurisdiction over Plaintiff's ACRA claim.

Accordingly, Defendant's Motion to Dismiss is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 14th day of November, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[12] *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005) (*citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)).

[13] *Brown v. Pine Bluff Nursing Home*, 359 Ark. 471, 474, 199 S.W.3d 45, 47 (Ark. 2004) (*citing* Ark. R. Civ. P. 41(b)).