FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 28 2007

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MAE DEAN ANDERSON                                                    PLAINTIFF

vs.                          5:06CV00225-WRW

WAL-MART STORES, INC.                                                DEFENDANT

## CONSENT CONFIDENTIALITY ORDER

Whereas, the parties to this Consent Confidentiality Order ("parties"), have stipulated that certain discovery material is and should be treated as confidential, and have agreed to the terms of this Order; accordingly, it is this 28th day of September, 2007, ORDERED:

1. **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (hereinafter collectively "documents") will be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** Confidential documents will be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the confidential designation. Documents will be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential will not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in

good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions will be deemed confidential only if designated as such when the deposition is taken or within 14 business days after receipt of the transcript. Such designation will be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

   a. **General Protections.** Documents designated confidential under this Order will not be used or disclosed by the parties or counsel for the parties or any other persons identified below (paragraph 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   b. **Limited Third Party Disclosures.** The parties and counsel for the parties will not disclose or permit the disclosure of any documents designated confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(5) below, and then only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A), that he or she has read and understands the terms of this Order and is bound by it. Subject to these requirements, the following categories of

persons may be allowed to review documents which have been designated confidential based on this Order:

(1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2) parties and employees of a party to this Order but only to the extent counsel will certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed[1];

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

(5) other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties will take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential

---

[1] At or prior to the time such party or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment A), counsel will complete a certification in the form shown at Attachment B . Counsel will retain the certification together with the form signed by the party or employee.

3

based on the terms of this Order. Counsel will maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as confidential under this Order or any portion of such a document, will be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies will be afforded the full protection of this Order.

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Order with the Court, that party will take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the Court will first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to

4

consult on the underlying motion. Nothing in this Order may be construed as a prior directive to the Clerk of Court to allow any document be filed under seal.

7. **Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures will apply to any such challenge.

   a. The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

   b. A party who contends that documents designated confidential are not entitled to confidential treatment will give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents will have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the confidential designation.

   c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential will continue to be treated as subject to the full protections of this Order until one of the following occurs:

      (1) the party who claims that the documents are confidential withdraws such designation in writing;

5

(2)     the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or

(3)     the Court rules that the documents should no longer be designated as confidential information.

d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9.  **Treatment on Conclusion of Litigation.**

a.     **Order Remains in Effect.** All provisions of this Order restricting the use of documents designated confidential will continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

b.     **Return of Confidential Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above (paragraph 5.d.) will be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work

product including an index which refers or relates to information designated confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **Order Subject to Modification.** This Order will be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order will not, however, be modified until the parties will have been given notice and an opportunity to be heard on the proposed modification.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein will be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling will have been made.

12. **Persons Bound.** This Order will take effect when entered and will be binding upon: (1) counsel who signed below and their respective law firms; and (2) their respective clients.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE WILLIAM R. WILSON

APPROVED:

QUATTLEBAUM, GROOMS,
TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201

_____
Kristine G. Baker
Ark. Bar No. 96211

*Attorneys for Wal-Mart Stores, Inc.*

Sarah M. Hartness
Attorney at Law
211 West Union
Monticello, Arkansas 71655

_____
Sarah M. Hartness
Ark. Bar No. 88157

*Attorney for Mae Dean Anderson*